

FILED

14 DEC 11  PM 1:45

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE MURILLO, an individual,

   Plaintiff,

vs.          CASE NO.:

MALO'S CORP. D/B/A WATERMARK
GRILLE, a Florida profit corporation, 2:14-cv-714-FtM-29DNF

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jose Murillo ("Murillo" or "Plaintiff"), by and through undersigned counsel, sues Defendant, Malo's Corp. d/b/a Watermark Grille ("Watermark Grille" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 216 and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident of the Middle District of Florida, Fort Myers Division. At all times pertinent, Plaintiff worked for Defendant in the Middle District of Florida, Fort Myers Division.

5. Defendant Watermark Grille was and is a Florida profit corporation conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA. Upon information and belief, Defendant Watermark Grille is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross volume of revenue not less than $500,000.00.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

7. Defendant employed Plaintiff as a cook compensated on an hourly basis. Plaintiff's primary job duties included cooking and preparing food for Defendant's customers.

8. During his employment with Defendant, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours worked.

9. Plaintiff worked over forty (40) hours in one or more workweeks while employed by Defendant.

10. Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours.

11. Upon information and belief, the records to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I
### (Overtime Due Under the FLSA)

12. Plaintiff hereby incorporates by reference the allegations contained within paragraphs 1 through 11 above.

13. Plaintiff has been employed by Defendant as a cook for approximately the past twenty (20) years.

14. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

15. Defendant's violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    accept jurisdiction over this action;

    b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

        d.        award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

        e.        entry of final judgment against Defendant; and

        f.        award all other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

*[signature]*

Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*