## FLSA SETTLEMENT AGREEMENT
## AND GENERAL MUTUAL RELEASE

This FLSA Settlement Agreement and General Mutual Release (hereinafter the "Agreement") is made and entered into by and between Jose Murillo (referred to throughout as "PLAINTIFF"), and Malo's Corp. d/b/a Watermark Grille, to include its predecessors, successors, assigns, affiliates, partners, officers, directors, employees, agents and shareholders (collectively referred to throughout as "DEFENDANT").

**WITNESSETH:**

WHEREAS, PLAINTIFF, through his attorney, made certain legal claims and demands against DEFENDANT regarding alleged wages owed under the Fair Labor Standards Act;

WHEREAS, DEFENDANT, denies all allegations;

WHEREAS, PLAINTIFF, having been represented by counsel, knowingly and voluntarily enters into this Agreement, understanding his rights;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between PLAINTIFF and DEFENDANT as follows:

**1. Settlement Payment** – Without admission of liability and for settlement purposes only, the monetary consideration for settlement of this case is as follows:

A.    **FLSA Wages/damages** - $8,000.00 to be paid by DEFENDANT to PLAINTIFF for PLAINTIFF.

B.    **Attorneys' Fees and Court Costs** - $3,600.00 to be paid by DEFENDANT to Plaintiff's counsel for full payment of PLAINTIFF'S attorneys' fees and court costs. Attorneys' fees and court costs were negotiated separately without regard to the amounts paid to PLAINTIFF.

C.    **Issuance and Delivery of Settlement Checks**

As a condition of settlement, DEFENDANT will deliver two (2) checks to Plaintiff's counsel within ten (10) days of the date of entry of a Recommended Order Approving the Settlement Agreement by the United States Magistrate Judge. Both checks shall be delivered in a manner to ensure receipt within ten (10) days to Bradley P. Rothman, Esq., Weldon & Rothman, PL, 7935 Airport-Pulling Rd. N., Ste. 205, Naples, FL, 34109.

The first check in the amount of $8,000.00 (no payroll withholdings) shall be payable to "Jose Murillo." DEFENDANT shall issue an IRS Form 1099 for the payment, and PLAINTIFF shall be responsible for his own taxes.

The second check in the amount of $3,600.00 shall be payable to "Weldon & Rothman, PL." The firm Tax Id. No. is 20-5090498. DEFENDANT shall issue an IRS Form 1099 for the payment.

[6354-0002/2196362/1]

**Exhibit A**

## 2. Mutual General Release

In consideration of the monetary payment herein, PLAINTIFF does hereby release, acquit, remise, satisfy, and forever discharge DEFENDANT, his predecessors, successors, assigns, affiliates, partners, officers, directors, employees, agents and shareholders, (hereinafter collectively referred to as "Releasees") of and from any rights which they may have under all laws and in equity, including the numerous laws and regulations governing employment, including without limitation Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, 42 U.S.C. §1981, the Americans With Disabilities Act, the Equal Pay Act, the Fair Labor Standards Act, the Family and Medical Leave Act, Florida Statutes Chapter 448, the Florida Civil Rights Act, Lee County Ordinances, all laws which govern race, sex, religion, color, age, national origin, marital status, sexual harassment, disability, retaliatory action and affirmative action, all city, county, state, and federal human rights and employment laws, as well as all other statutes, all "Whistle-blower" statutes, and the laws of contract, tort, including battery, fraud, promissory estoppel, misrepresentation, and all other laws and causes of action which PLAINTIFF ever had, now have, may have had, or hereafter can, shall or may have, against DEFENDANT, by reason of any matter, cause or thing whatsoever, known or unknown, from the beginning of the World to the day this Agreement is executed.

Likewise, DEFENDANT and its owners do hereby, release, acquit, remise, satisfy, and forever discharge PLAINTIFF, from any and all claims it/they may have against PLAINTIFF.

## 3. Informed and Voluntary Signature by Plaintiff and Defendant

PLAINTIFF, by signing this Agreement and Release, acknowledges that he has had a full and fair opportunity to review, consider and negotiate the terms of this Agreement, that he has been advised to seek and has sought the advice of an attorney in connection with his decision whether to accept the benefits that have been offered to him under this Agreement, and has reviewed this Agreement with advisors of his choice, that he has read and understands this Agreement, and that he has signed this Agreement freely and voluntarily, without duress, coercion, or undue influence, and with full and free understanding of its terms.

Likewise, DEFENDANT, by signing this Agreement and Release, acknowledge that it has reviewed this Agreement with advisors of its choice, that it has read and understands this Agreement, and that it has signed this Agreement freely and voluntarily, without duress, coercion, or undue influence, and with fully and free understanding of its terms.

## 4. Miscellaneous

A.      This Agreement sets forth the entire agreement and understanding between the parties

[6354-0002/2196362/1]

hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter therein. This Agreement may not be modified orally, and may only be modified, in writing, and signed by all parties to the Agreement.

**B.**     The Agreement shall be interpreted and construed under the laws of the State of Florida.

**C.**     If either party to the Agreement initiates or continues proceedings for breach of this Agreement, the prevailing party shall recover its attorneys' fees and costs, including such fees and costs on any enforcement or appellate proceedings.

**D.**     If one or more paragraph(s) of this Agreement are ruled invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Agreement, which shall remain in full force and effect.

**E.**     This Agreement may be executed simultaneously in several counterparts, each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

**F.**     The parties agree that a signed, facsimile version or scanned email version of this Agreement shall be treated as a true and correct original and shall be legally enforceable as such.

**G.**     This Agreement was drafted as joint effort by the parties' counsel.

JOSE MURILLO

Date     4.2.15

Print name: _FLORENTS MALO_ , on behalf of MALO's CORP.

Date:     3-24-15

[6354-0002/2196362/1]